Surjit P. Soni (State Bar No. 127419)
Ronald E. Perez (State Bar No. 151199)
THE SONI LAW FIRM
55 South Lake Avenue, Suite 720
Pasadena, California  91101
Telephone: (626) 683-7600
Facsimile: (626) 683-1199
surj@sonilaw.com
ron@sonilaw.com

Attorneys for Plaintiff,
Mira Enterprises, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA ENTERPRISES, INC., a California corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>N.K. International, Inc. dba NK Watches Inc., a Georgia Corporation; Shakuntala Paul, an individual and DOES 1 through 10, inclusive,<br><br>           Defendants.<br>_____ | ) CASE NO. CV-07-1345-GW (Ex)<br>)<br>)<br>)<br>) **FINAL JUDGMENT**<br>)<br>) **Fed. R. CIV. P. 55(b)(2)**<br>)<br>) **The Honorable GEORGE H. WU**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1    In accordance with the Court's Order dated August 11, 2008,

2  granting Plaintiff Mira Enterprises, Inc.'s ("Plaintiff")

3  Application for Default Judgment:

4    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

5    1.    That Plaintiff shall have and recover from Defendant N.K.

6  International, Inc., dba NK Watches Inc. ("Defendant") the sum of

7  $100,000 as statutory damages pursuant to 15 U.S.C. §1117(c)(1),

8  together with pre-judgment interest thereon at the maximum rate

9  permitted by law from February 28, 2007, the filing date of the

10  complaint, to the date of this Judgment, and post-just interest

11  thereon at the maximum rate permitted by law from the date of this

12  Judgment until paid;

13    2.    That a permanent injunction be and hereby is entered

14  against the Defendant, its directors, and officers, agents,

15  servants, employees and all other persons in active concert or

16  privity or in participation with Defendant, from:

17    (A)   Infringing upon the PAUL JARDIN trademark, U.S.

18        Trademark Registration No. 2,634,655, through the

19        sale of unauthorized or counterfeit PAUL JARDIN

20        watches, or using any word, term, name, symbol,

21        device, or combination thereof that causes or is

22        likely to cause confusion, mistake, or deception;

23    (B)   Using any word, term, name, symbol, device, or

24        combination thereof that causes or is likely to cause

25        confusion, mistake, or deception as to the affiliation,

26

27

[PROPOSED] FINAL JUDGMENT
CASE NO. CV-07-1345-GW (Ex)

1           origin, or association of Defendant's goods with

2           Plaintiff or using any false designation of origin or

3           false or misleading description or representation of

4           fact;

5    (C)   Manufacturing, or having manufactured, any goods that

6           bear any counterfeit PAUL JARDIN trademark, alone or in

7           combination with any other word(s) or device(s), or

8           selling, offering for sale, distributing, advertising, or

9           promoting any counterfeit goods that bear the PAUL JARDIN

10          trademark alone or in combination with any other word(s)

11          or device(s), other than genuine PAUL JARDIN merchandise;

12    (D)  Using or inducing the use of, without Plaintiff's

13          authorization, any words or symbols that so resemble the

14          PAUL JARDIN trademark as to be likely to cause confusion,

15          mistake, or deception on or in connection with the

16          manufacture, importation, sale, offering for sale,

17          distribution, advertisement, or promotion of any product

18          that is not authorized by or for Plaintiff.

19    3.   That within 30 days of service of this Judgment,

20 Defendant shall deliver to Plaintiff's attorneys for destruction

21 Defendant's entire inventory of infringing products, packaging, and

22 labeling.

23    4.   That Defendant, within thirty days after the service of

24 the Judgment herein, shall file with this Court and serve upon

25 Plaintiff's attorneys a written report under oath setting forth in

26

27

[PROPOSED] FINAL JUDGMENT
CASE NO. CV-07-1345-GW (Ex)

1  detail the manner in which Defendant has complied with the

2  judgment.

3       5.   The Court finds this is an exceptional case under 15

4  U.S.C. § 1117 for the reasons, and based on the evidence, set forth

5  in Plaintiff's Application for Default Judgment.  Accordingly,

6  Plaintiff shall have and recover from Defendant attorneys' fees in

7  the amount of $5,600 pursuant to Local Rule 55-3, together with

8  interest thereon at the maximum rate permitted by law from the date

9  of this Judgment until paid.

10

11

12 Dated: August 25, 2008            _George H. Wu_____
                                    HON. GEORGE H. WU
13                                  U.S. District Court Judge

14

15

16

17

18

19 Respectfully presented by:

   THE SONI LAW FIRM
20

21   /s/ Surjit P. Soni
   Surjit P. Soni
22 Ronald E. Perez
   Attorneys for Plaintiff,
23 MIRA ENTERPRISES, INC.

24

25

26

27

[PROPOSED] FINAL JUDGMENT
CASE NO. CV-07-1345-GW (Ex)

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of
California.  I am over the age of 18, and not a party to the within
action; my business address is 55 South Lake Avenue, Suite 720,
Pasadena, California 91101.

    On August 18, 2008, I served the foregoing document described
as **[PROPOSED] FINAL JUDGMENT** on the interested parties in this
action by placing a true copy thereof, enclosed in a sealed
envelope addressed as follows:

N.K. International
1416 Flagler Ct.
Lawrenceville, GA 30044

**[x]  (BY MAIL)** I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  Under that
practice, it would be deposited with the U.S. postal service on
that same day, with postage thereon fully prepaid at Pasadena,
California, in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.

[]  (PERSONAL SERVICE) I caused the above referenced document to
be personally served by hand on the addressees listed above

[]  (VIA USPS EXPRESS MAIL) I caused such envelope to be delivered
to addressees listed above.

[]  (FACSIMILE) I caused the attached document to be transmitted
to:  the above addressees

[]  (ELECTRONIC MAIL) I caused the attached document to be
transmitted to:  the above addressees


    I declare under penalty of perjury that the foregoing is true
and correct.

    Executed on August 18, 2008, at Pasadena, California.


                              /s/Wendy Genovese
                              Wendy Genovese

                                        [PROPOSED] FINAL JUDGMENT
                                        CASE NO. CV-07-1345-GW (Ex)